IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DRAKE LAFAYETTE WILLIS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:20-cv-00100-K (BT) |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Drake Lafayette Willis, a state prisoner, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The District Court referred the petition to the United States magistrate judge for findings and a recommendation, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the District Court should DISMISS Willis's petition without prejudice because Willis fails to demonstrate he was in custody on the conviction and sentence he attacks in his petition. In the alternative, the Court should DISMISS his petition as barred by limitations.

I.

Willis is currently serving a 40-year sentence for aggravated sexual assault of a child. But he has a substantial criminal history, including prior convictions for burglary of a motor vehicle and aggravated robbery for which he was sentenced to ten years' imprisonment.

1

In 1993, Willis also pleaded guilty to one count of arson, and the state court sentenced him to ten years' imprisonment. *See State of Texas v. Willis*, Case No. F92-26514-(m). Willis did not appeal. On September 1, 2002, he discharged his sentence for the arson conviction. *See* Resp. Ex. A (ECF No. 14-1) (TDCJ commitment inquiry); *see also* State Habeas Ct. R. -16 12 (ECF No. 17-23) (Willis's acknowledgement he discharged his sentence on September 1, 2002).

More than seventeen years later, on September 22, 2019, Willis filed a state application for habeas relief challenging his 1993 arson conviction. State Habeas Ct. R.-16 25 (ECF No. 17-23). On November 20, 2019, the Texas Court of Criminal Appeals (CCA) denied the application without a written order. Then, on January 10, 2020,[1] Willis filed his federal habeas petition, in which he argues:

(1)  he is actually innocent of arson because the trial court lacked jurisdiction;

(2)  the trial court's judgment was void for lack of jurisdiction;

(3)  he was denied access to an attorney at the Garland Police Department;

(4)  the prosecutor made threatening statements to him;

---

[1] A prisoner's *pro se* pleading is deemed filed on the date that it was deposited in the prison mail system. *Houston v. Lack*, 487 U.S. 266, 276 (1988); *see also Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). Here, Willis signed and dated his petition January 10, 2020. Pet. 10 (ECF No. 3). The Court presumes Willis gave his petition to prison officials on the same date for mailing to the Clerk.

(5)  his due process rights were violated when he was charged in a "manufactured indictment / and or information";

(6)  his trial attorney provided ineffective assistance of counsel when he

    a.  failed to secure an alibi witness to testify,

    b.  failed to object or seek dismissal of the charges on the basis that the indictment was not properly presented,

    c.  failed to disclose meetings he had with the prosecutor,

    d.  failed to attend Willis's meetings with the prosecutor after being asked to be present, and

    e.  attended "trial proceedings" in an unhealthy mental state and suffered from drug and alcohol influences.

Respondent urges the Court to dismiss Willis's petition for lack of jurisdiction because he was not "in custody" on the 1993 arson conviction when he filed his petition or, alternatively, on limitations grounds.

## II.

A petition for writ of habeas corpus by a prisoner attacking his state conviction and/or sentence must be brought on "behalf of a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(b)(1). "The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added); *see also Pleasant v.*

*State of Texas*, 134 F.3d 1256, 1257 (5th Cir. 1998). A court may only consider a federal habeas petition under § 2254 on grounds that the petitioner is in custody in violation of the Constitution or federal laws. 28 U.S.C. § 2254(a); *see also Preiser v. Rodriguez, 411 U.S. 475, 484-87 (1973);* *Emmett v. Director, 2022 WL 379951, at \*2 (N.D. Tex. Jan. 24, 2022)*, *recomm. adopted* 2022 WL 378198. The "in custody" language contained in § 2254 does not require a petitioner to be in physical custody, but it does require that he demonstrate some additional restriction on his liberty. *See Hensley v. Municipal Court, San Jose Milpitas Judicial Dist., 411 U.S. 345, 351 (1973)* (holding that a petitioner released on his own recognizance pending execution of his sentence was in custody within the meaning of 28 U.S.C. §§ 2241(c)(3) and 2254(a)); *see also Jones v. Cunningham, 371 U.S. 236, 239-240 (1963)* (the in custody requirement is satisfied when the petitioner is still subject to severe and immediate restraints on his liberty that are not shared by the public in general).

There are three considerations for a court when assessing whether a habeas petitioner can satisfy the "in custody" requirement: (1) whether the petitioner is subject to restraints not imposed on the general public; (2) whether the petitioner's incarceration is "a speculative possibility that depends on a number of contingencies over which [the petitioner] has no control;" and (3) whether a finding there is no custody simply postpones the habeas case until the petitioner is in jail. *Hensley, 411 U.S. at 351-53*; *see also*

4

*Spring v. Caldwell,* 692 F.2d 994, 997 (5th Cir. 1982); *Nixon v. Brown,* 2017 WL 4053724, at *2 (N.D. Tex. Sept. 5, 2017), *recomm. adopted* 2017 WL 4005458. A writ of habeas corpus under § 2254 applies to a person who is "in custody" under a state court judgment. "The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful *custody.*" *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 494-95 (1973). "A state prisoner is entitled to relief under 28 U.S.C. § 2254 only if he is held '*in custody* in violation of the Constitution or laws or treaties of the United States.'" *Engle v. Isaac,* 456 U.S. 107, 119 (1982) (emphasis added); *see also Coleman v. Thompson,* 501 U.S. 722, 730 (1991) (noting that a federal district court does not review the state court judgment but the lawfulness of the petitioner's "custody"); *Brown v. Director,* 2022 WL 509352, at *12 (N.D. Tex. Jan. 28, 2022), *recomm. adopted* 2022 WL 504170.

In *Maleng v. Cook,* 490 U.S. 488 (1989), the Supreme Court recognized that it had "never held . . . that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his [habeas] petition is filed." *Id.* at 490 (emphasis in original). After *Maleng,* the Supreme Court decided *Lackawanna County District Attorney v. Cross,* 532 U.S. 394 (2001), which applied *Maleng*'s principles to a § 2254 case. *Id.* at 394. In *Lackawanna,* the Supreme Court held that once a state conviction is no longer open to direct

or collateral attack because the defendant did not pursue those remedies while they were available or did so unsuccessfully, the conviction is presumptively valid, and if the conviction is later used to enhance a criminal sentence, it generally cannot be challenged under § 2254 on the basis that it was unconstitutionally obtained. *Id.* at 403-04. There is an exception to the rule of conclusive validity for enhancement of convictions that were obtained in violation of the right to counsel under the Sixth Amendment as set forth in *Gideon v. Wainwright*, 372 U.S. 335 (1963). *See Lackawanna, 532 U.S. at 404* (setting out the exception for enhanced convictions obtained in violation of *Gideon*).

In Willis's petition, he challenges his presumptively valid and expired 1993 arson conviction. Pet. 2 (ECF No. 3). But he was not "in custody" under this conviction and sentence when he filed his petition on January 10, 2020. *Compare* Resp. Ex. A (ECF No. 14-1) *and* State Habeas Ct. R. -16 42 (ECF No. 17-23) (providing the challenged conviction was discharged on September 1, 2002), *with* Pet. 10 (ECF No. 3) (providing Willis placed his federal petition in the prison mail system on January 10, 2020). And the exception under *Gideon* is not applicable here. *See Lackawanna,* 532 U.S. at 404, Willis was represented by counsel during the 1993 arson case. In fact, in his petition, he argues that his trial attorney provided ineffective assistance of counsel in that case. *See* Pet. 11 (ECF No. 3).

Willis's petition should not be read as an attack on the collateral consequences of his current custodial sentence for aggravated sexual assault of a child for at least three reasons. First, there is only one reference in his federal petition that is possibly related to his current state custody, where he refers to a "sentence reduction." Pet. 7 (ECF No. 3). Second, Willis's arson conviction did not provide the sentence enhancement for the sentence he is presently serving. *See* https://inmate.tdcj.texas.gov/InmateSearch/start (last visited May 17, 2022) (an inmate search on the website for the Texas Department of Criminal Justice (TDCJ) shows that Willis is presently serving a sentence for aggravated sexual assault of a child). Rather, it was his aggravated robbery conviction that served as the factual basis for the sentence enhancement. *See* State Habeas Ct. R.-15 3, 5 (ECF No. 17-20). Third, Willis previously challenged his robbery conviction for the collateral consequences to the sentence he is currently serving. *See Willis v. Davis,* 2016 WL 6427791 (N.D. Tex. Oct. 7, 2016), *recomm. adopted* 2016 WL 6397645 (N.D. Tex. Oct. 28, 2016).

In sum, Willis cannot use § 2254 to challenge his expired 1993 arson conviction. *See* 28 U.S.C. § 2254(a) (requiring a prisoner be "in custody"); *Lackwanna,* 532 U.S. at 40-04; *see also Patron v. Stephens,* 2014 WL 3569998, at *1-2 (N.D. Tex. July 18, 2014) (dismissing the petition for lack of subject matter jurisdiction where the petitioner was not "in custody" under the 1994 conviction and sentence he was challenging at the time his

7

petition was filed) (citing *Garlotte v. Fordice,* 515 U.S. 39, 45 (1995); *Maleng,* 490 U.S. at 492-93). Because this Court lacks subject matter jurisdiction to consider Willis's 1993 arson conviction, his petition should be dismissed. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## III.

In the alternative, if the Court liberally construes Willis's petition as an attack on his 1993 arson conviction for its collateral consequences on the sentence he is currently serving, his petition should be dismissed as time-barred.

## A.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 (1996). In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A). However, Willis pleaded guilty, and the state court entered its judgment on February 9, 1993, prior to the enactment of the AEDPA. Therefore, the one-year statute of limitations on his arson conviction began to run on April 26, 1996.[2] *See United States v.*

---

[2] In his petition, Willis notes that his "conviction was given 02/09/1993 before the date of 1996 ('AEDPA')." Pet. 9 (ECF No. 3).

*Flores,* 135 F.3d 1000, 1006 (5th Cir. 1998) ("[O]ne year, commencing on April 24, 1996, presumptively constitutes a reasonable time for those prisoners whose convictions had become final prior to the enactment of the AEDPA to file for relief").

On September 22, 2019, Willis filed a state application for habeas relief challenging the 1993 arson conviction, but it did not toll his limitations period because it was filed after his sentence was final. *See Flores v. Quarterman,* 467 F.3d 484, 485 n.2 (5th Cir. 2006) (per curiam) ("While the filing of a state habeas application ordinarily tolls the federal one-year statute of limitations, [the petitioner] did not file his state application until … more than one year after his sentence became final, and almost two months after the statute of limitations expired.") (citing *Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000) (holding that state habeas applications filed after the expiration of the limitations period do not toll the limitations period)). Willis's limitations period expired on April 26, 1997, one year after it commenced on April 26, 1996. *See* 28 U.S.C. § 2244(d)(1)(A). His federal habeas petition was filed on January 10, 2020, more than twelve years after the April 26, 1997 deadline. Willis's petition is therefore untimely.

## B.

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir.1999) (asserting that

courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling") (quoting *Davis*, 158 F.3d at 811). The Fifth Circuit has held that "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999), *abrogated on other grounds by Causey v. Cain*, 450 F.3d 601, 605-06 (5th Cir. 2006). A petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Here, Willis's § 2254 petition includes the following direction: "If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition." Pet. 9 (ECF No. 3). Willis responded that his "claims [are] not barred by statues [sic] and guarantees defendant's rights." *Id.*

Willis fails to make any argument that his petition is subject to equitable tolling. Moreover, his petition was filed more than twelve years after the limitations period expired, and he has not shown that he diligently pursued his rights. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (to be entitled to equitable tolling, a petitioner must demonstrate (1) he has been diligently pursuing his rights, and (2) an extraordinary circumstance got in

his way and prevented a timely filing) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Likewise, Willis has failed to demonstrate that some "extraordinary circumstance" stood in his way. *Id.* He does not allege that he acted to timely file his petition. Pet. 9 (ECF No. 3). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (quoting *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006)).

For these reasons, Willis fails to meet his burden of demonstrating that he is entitled to equitable tolling. *See Phillips*, 216 F.3d at 511. Accordingly, he is not entitled to equitable tolling.

C.

The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, . . . or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). A petitioner who claims actual innocence, however, "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence. *Id.*

Here, Willis argues that he is actually innocent, but his argument fails for several reasons. Pet. 6 (ECF No. 3). First, his actual innocence claim is conclusory. Although *pro se* filings are liberally construed, this does not

11

mean the court must develop the arguments on behalf of the litigant. *See*

*United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) ("[M]ere conclusory

allegations on critical issues are insufficient to raise a constitutional issue.").

Federal courts do not "consider a habeas petitioner's bald assertions on a

critical issue in his *pro se* petition . . . mere conclusory allegations do not

raise a constitutional issue in a habeas proceeding." *Smallwood v. Johnson*,

73 F.3d 1343, 1351 (5th Cir. 1996) (quoting *Ross v. Estelle*, 694 F.2d 1008,

1011-12 (5th Cir. 1983)).

Willis's actual innocence claim also fails because he has not come

forward with new evidence or a compelling argument demonstrating that

"no reasonable juror would have convicted him." *McQuiggin*, 569 U.S. at

386; *see also Pedder v.* Lumpkin, 859 F. App'x 697, 697 (5th Cir. 2021) (per

curiam). Instead, he argues that the trial court entered judgment without

having jurisdiction. Pet. 6 (ECF No. 3). Specifically, he contends that the

"indictments where [sic] dismissed in the earlier trial court. Defendant was

charged with another instrument for robbery but no new charging

instrument for arson." *Id.* Willis contends that a procedural defect occurred

in connection with his conviction, but he does not make the requisite

showing, which requires him to demonstrate the State convicted the wrong

person. *See McQuiggin*, 569 U.S. at 386. In sum, Willis fails to demonstrate

actual innocence under *McQuiggin*.

Finally, Willis's actual innocence claim fails because he pleaded guilty, and thus likely foreclosed the "gateway" to overcome the limitations bar. *See Thomas v. Stephens*, 2014 WL 929031, at *3 (N.D. Tex. Mar. 7, 2014); *see also Jackson v. United States*, 2013 WL 5295701 (E.D. Wis. Sept. 18, 2013); *Sidener v. United States*, 2013 WL 4041375 (C.D. Ill. Aug. 8, 2013); *United States v. Cunningham*, 2013 WL 3899335 (S.D. Tex. July 27, 2013). *But see Green v. Williams*, 2013 WL 4458971 (D. Nev. Aug. 16, 2013).

For these reasons, Willis has failed to show that actual innocence serves as a gateway through which his time-barred petition can pass.

IV.

The District Court should DISMISS Willis's petition without prejudice because Willis fails to demonstrate he was in custody on the conviction and sentence he attacks in his petition. In the alternative, the Court should DISMISS his petition as barred by limitations

**SO RECOMMENDED.**

Signed June 2, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.